# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN I. KING,

       Plaintiff,

vs.

                                        No. CIV 05-0575 JB/WDS
                                        No. CIV 05-0997 JB/WDS

DIRK KEMPTHORNE, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Partial Summary Judgment (on Paragraphs 15-21) and Supporting Memorandum of Law, filed November 11, 2007 (Doc. 68)("Motion"). The Court held a hearing on February 27, 2008. The primary issues are: (i) whether the actions Plaintiff John I. King alleges rise to the level of being adverse actions that will support a claim of retaliation; and (ii) whether the actions can support a claim of hostile-work environment. Because the Court finds that Laverne W. Collier's denial of King's travel requests can support King's hostile-work environment claim, but not a claim of retaliation, and because Collier's alleged undermining of King's authority can support claims of both hostile-work environment and retaliation, the Court will grant in part and deny in part the Motion.

## BACKGROUND

This case arises out of King's employment with the Bureau of Indian Affairs in the United States Department of the Interior. King alleges that he suffered numerous acts of harassment and discrimination because he was a Navajo, leading him to file complaints with the Department of the Interior and the Equal Employment Opportunity Commission. As a result of these complaints, King

alleges, his supervisors took a number of retaliatory actions against him and continued to harass him and discriminate against him. The facts of the case have already been laid out in detail elsewhere. See Memorandum Opinion and Order at 1-3, filed March 31, 2008 (Doc. 97); Memorandum Opinion and Order at 1-4, filed September 30, 2008 (Doc. 115).

As relevant here, King contends that, after filing a complaint with the Department of Interior, his then-supervisor, Collier, subjected him to reprisals for his filing. See First Amended Complaint of Discrimination and Retaliation in Federal Employment ¶ 15, at 3, filed March 21, 2006 (Doc. 25)("Amended Complaint"). King alleges that Collier stopped allowing him to perform all of his duties, and that Collier began requiring written justifications for travel authorization and refused to give King permission to travel on four different occasions. See id. ¶¶ 16-18, at 3-4. King also contends that, in addition to constituting retaliation, Collier's actions created a hostile-work environment. See id. ¶¶ 16, 20, at 3, 4.

The Defendant argues that King has not established a prima-facie case of retaliation, and that these actions are not sufficiently adverse actions to constitute retaliation under the Tenth Circuit standard.

## ANALYSIS

According to King, after he had filed his complaints with the Department, Collier prevented King from performing all of his duties and began scrutinizing King's travel requests more closely, denying his requests four times. King argues that Collier's actions both constituted unlawful retaliation for engaging in protected activity and created a hostile-work environment. The first general set of activities – Collier's preventing King from performing his duties – can support a retaliation claim and can also be part of King's hostile-work environment claim. The second set of activities – Collier's actions regarding King's travel authorization requests – are not sufficiently

severe to be materially adverse employment actions, and therefore cannot support a retaliation claim, but can still be considered as part of King's hostile-work-environment claim.

I.      **COLLIER'S ALLEGED UNDERMINING OF KING'S AUTHORITY CAN SUPPORT A RETALIATION CLAIM, BUT HIS DENIAL OF TRAVEL REQUESTS CANNOT.**

To establish a prima-facie case of retaliation under Title VII, King must show: (i) that he engaged in protected activity under Title VII; (ii) that he suffered a materially adverse-employment action contemporaneous with engaging in the protecting activity or after engaging in the protected activity; and (iii) that there is a causal connection between the protected activity and the adverse action. See Chavez v. New Mexico, 397 F.3d 826, 838 (10th Cir. 2005). The parties agree that King engaged in protected activity by submitting his complaint to the Department of the Interior, so the first prong is met. As to the second prong, a materially adverse action is an action that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co., v. White, 548 U.S. 53, 68 (2006).

A.      **COLLIER'S ALLEGED UNDERMINING OF KING'S AUTHORITY WAS A MATERIALLY ADVERSE EMPLOYMENT ACTION.**

King alleges that, after he filed a complaint, Collier prevented him from performing several of his duties, including recruiting for vacancies, selecting new employees, and supervising employees. See Amended Complaint ¶ 16, at 3. The Defendant contends that Collier had the authority to recruit and hire new employees and was also the supervisor of employees working under King, and that therefore Collier's actions did not have a material effect on King's employment. See Motion at 11-12. King counters, based on his affidavit, that it was the Office of Facilities Management and Construction's informal practice to follow supervisors' selections. See Exhibit 1 to Response, Affidavit of John I. King ¶ 3, at 1-2, executed January 22, 2008 (Doc. 77-2). If

Collier had an informal practice allowing supervisors to effectively make hiring decisions, then his preventing King from recruiting and making selections of employees, and not allowing King to supervise his employees could be materially adverse.  See Ohal v. Board of Trustees of University of Dist. of Columbia, 100 Fed.Appx. 833, 834 (D.C. Cir. 2004)(reducing supervisory responsibilities was materially adverse employment action).  Cf. Wells v. Colorado Dept. of Transp., 325 F.3d 1205, 1214 (10th Cir. 2003)(holding that reprimand leading to temporary disrespect for supervisor was not a loss of authority that was severe or prolonged enough to constitute a "materially adverse" reduction in job responsibilities[]").  When the reduction in authority is targeted at a supervisor's ability to select or influence who his subordinates are, that reduction in authority can have a serious effect on the supervisor's ability to properly conduct his duties.  As a result, Collier's alleged actions could be materially adverse actions that can support a claim of retaliation.  Because there is a genuine dispute about what the actual hiring and supervisory practices at OFMC were, the issue is not appropriate for summary judgment.

> **B.     COLLIER'S DENIAL OF TRAVEL REQUESTS AND REQUIRING WRITTEN JUSTIFICATIONS FOR TRAVEL REQUESTS WERE NOT MATERIALLY ADVERSE ACTIONS.**

Collier's requiring King to submit written justification for travel to Phoenix, Arizona, and Collier's disapproval of four later travel requests were not materially adverse-employment actions. King contends that they are retaliatory, adverse actions because Collier had generally approved King's travel requests in the past without asking for a justification.  See Plaintiff's Response to Motion for Partial Summary Judgment and Supporting Memorandum of Law at 4, filed January 22, 2008  (Doc. 77)("Response").  The adverse action, according to King, is the "heightened scrutiny regarding travel requests to which [King] was subjected after the filing of his EEO claims."  Id. at 5.

Even if the travel request denials and the requirement of written justification were departures from Collier's typical practices before King filed his complaint, they would not be severe enough actions to meet the standards for a Title VII retaliation claim. Title VII does not protect an employee from all retaliation. See Garrison v. Gambro, Inc., 428 F.3d 933, 939 (10th Cir. 2005)("[N]ot everything that makes an employee unhappy qualifies as retaliation.")(quoting Sanchez v. Denver Public Schools, 164 F.2d 527, 533 (10th Cir. 1998). "Retaliatory conduct other than discharge or refusal to rehire is thus proscribed by Title VII only if it alters the employee's 'compensation, terms, conditions, or privileges of employment,' or 'adversely affect[s] his [or her] status as an employee.'" Sanchez v. Denver Public Schools, 164 F.2d at 533 (citation omitted, alterations in original). Negligible acts of reprisal are excluded from Title VII's scope; the only actions Title VII covers are those severe enough to have "dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co., v. White, 548 U.S. at 68. Collier's actions regarding King's travel requests do not meet this standard. A reasonable worker would undoubtedly be aggravated at a supervisor's reversing his previously lenient policies on travel authorization. Such a reversal would be an adverse action. It would not, however, be an adverse action bad enough to dissuade a reasonable worker from engaging in protected activity.

In certain jobs or in certain situations, denying travel requests could be materially adverse action. For example, if an employer denied a travel request that prevented an employee from attending a meeting that was important to the employee's career prospects, the denial might be materially adverse. Similarly, if an employee was prevented from traveling in a sales job where travel was a key component to generating sales and commissions, that denial also might be materially adverse. See Borrero v. American Exp. Bank Ltd., 533 F.Supp.2d 429, 441 (S.D.N.Y.

2008)(finding genuine issue of material fact whether travel denial was adverse action because travel was potentially important to generating sales). King, however, does not indicate that the trips he was unable to take were of great importance to his job.

The United States Court of Appeals for the Tenth Circuit has not addressed whether denying travel requests can be retaliation, but the United States Court of Appeals for the Seventh Circuit has considered a related issue. The Seventh Circuit held that denying a travel request was not an adverse employment action that could support a sexual harassment claim. See Murray v. Chicago Transit Authority, 252 F.3d 880, 888 (7th Cir. 20001). Similarly, this Court held that denying authorization for a trip to Spain was not an adverse employment action for a disparate-treatment claim. See West v. Norton, 376 F.Supp.2d 1105, 1129 (D.N.M. 2004)(Browning, J.). While the context is slightly different, these cases support the Court's finding that denying King's travel requests, in the context of the record King has presented to this Court, are not materially adverse actions that can support a retaliation claim.

In the right circumstances, denying travel authorization might be retaliation, but travel was apparently not a significant component of King's job. It is King's burden to point to evidence indicating that there is a genuine dispute of material fact. Collier's denial of several of King's travel requests, and Collier's requiring written justification for King's January 14, 2002 trip to Phoenix, were not materially adverse employment actions. Accordingly, the Court will grant summary judgment to the Defendant on King's retaliation claims arising out of Collier's actions with regards to travel authorizations.

## II.   COLLIER'S ACTIONS CREATED A HOSTILE-WORK ENVIRONMENT.

"To establish a prima facie case of hostile work environment harassment, a plaintiff must show that 'under the totality of circumstances [(i)] the harassment was pervasive or severe enough

to alter the terms, conditions, or privileges of employment, and [(ii)] the harassment was racial or stemmed from racial animus.'" Bloomer v. United Parcel Serv., Inc., 94 Fed.Appx. 820, 825 (10th Cir. 2004)(quoting Witt v. Roadway Express, 136 F.3d 1424, 1432 (10th Cir. 1998)).  The actions that King alleges Collier took to undermine his authority and interfere with personnel decisions are substantially similar to the conduct King alleged in paragraphs 10 through 12 of his Amended Complaint.  The alleged actions at issue here also involve Collier.  Although this motion is procedurally a separate motion dealing with separate paragraphs of King's Amended Complaint, substantively the incidents here are part of the same alleged hostile-work environment.  For the same reasons that the conduct in paragraphs 10 through 12 are sufficiently pervasive that a reasonable jury could find them to constitute a hostile work-environment, the alleged actions in paragraph 16 can also support a hostile-work-environment claim.  See Memorandum Opinion and Order at 18-20, filed September 30, 2008 (Doc. 115).

Similarly, Collier's activities related to King's travel requests would allow a reasonable jury to find a hostile work-environment.  These actions, in the context of a hostile-work-environment claim, are all part of the overall environment and are part of the same claim.

**IT IS ORDERED** the Defendant's Motion for Partial Summary Judgment (on Paragraphs 15-21) and Supporting Memorandum of Law is granted in part and denied in part.  The motion is denied with respect to the hostile-work-environment claim.  The motion is also denied with respect to the retaliation claims based on Laverne W. Collier undermining the Plaintiff's authority.  The motion is granted with respect to the retaliation claims based on the travel request incidents.

_____
UNITED STATES DISTRICT JUDGE

-7-

*Counsel and parties*:

Jeffrey A. Dahl
Keleher & McLeod, P.A.
Albuquerque, New Mexico

      *Attorney for the Plaintiff*

Gregory J. Fouratt
  United States Attorney
Michael H. Hoses
  Assistant United States Attorney
John W. Zavitz
  Assistant United States Attorney
Dori Ellen Richards
  Special Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Defendant*

Jack Rever

      *Defendant pro se*