# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN I. KING,

        Plaintiff,

vs.

                                            No. CIV 05-0575 JB/WDS
                                            No. CIV 05-0997 JB/WDS

DIRK KEMPTHORNE, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Partial Summary Judgment on Claims Against Robinson (¶¶ 30-41) and Supporting Memorandum of Law, filed November 28, 2007 (Doc. 71). The Court held a hearing on February 27, 2008. The primary issue is whether various actions Boyd Robinson took were materially adverse employment actions that could support Plaintiff John King's claim of retaliation. Because the Court finds that most of the alleged actions were not materially adverse, but there is a genuine issue of material fact whether two were, the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

This case arises out of King's employment with the Bureau of Indian Affairs in the United States Department of the Interior. King alleges that he suffered numerous acts of harassment and discrimination because he was a Navajo, leading him to file complaints with the Department of the Interior. As a result of these complaints, King alleges, his supervisors took a number of retaliatory actions against him and continued to harass him and discriminate against him. The facts of the case

have already been laid out in detail elsewhere.  <u>See</u> Memorandum Opinion and Order at 1-3, filed March 31, 2008 (Doc. 97); Memorandum Opinion and Order at 1-4, filed September 30, 2008 (Doc. 115).

     As relevant here, in September of 2003, Robinson was appointed the Acting Director of the Office of Facilities Management and Construction ("OFMC") in New Mexico, making him King's new supervisor.  <u>See</u> Amended Complaint ¶ 30, at 5.  King alleges that Robinson took a number of retaliatory actions against King.  According to King, Robinson: (i) placed King fifth on a list of inter-office succession despite King being the third-highest ranking official at OFMC before his Equal Employment Opportunity ("EEO") complaint, <u>see id.</u>; (ii) failed to respond to King's requests that Robinson explain his comments during a meeting, <u>see id.</u> ¶ 31, at 5; (iii) failed to reply to King's e-mail regarding filling vacant engineer positions, <u>see id.</u> ¶ 32, at 6; (iv) had King keep open an engineering position for a friend of Robinson's, <u>see id.</u> ¶ 33, at 6; (v) failed to reply to any of King's requests regarding filling engineer positions, <u>see id.</u> ¶ 34, at 6; (vi) advertised for a position under King's supervision without  informing him, <u>see id.</u> ¶ 35, at 6; (vii) allowed Emerson Eskeetz to appoint someone to a position under King's supervision, <u>see id.</u> ¶ 36, at 6; (viii) told King that he would not be permitted to make selections of prospective candidates, <u>see id.</u> ¶ 37, at 6; (ix) made statements in a supervisory appraisal about EEO complaints, <u>see id.</u> ¶ 38, at 7; and (x) placed a specialist under King's supervision, ignoring King's choice for the position, <u>see id.</u> ¶ 39, at 7.

## ANALYSIS

     There are ten incidents or events involving Robinson that King alleges were acts of retaliation directed at him for filing EEO complaints.  The Defendant challenges them all on the grounds that King has not carried his burden of presenting a prima facie case of retaliation because none of the actions King relies on is a materially adverse employment action.  The Court agrees with

the Defendant on most of the allegations, but Robinson's telling King that he would not be permitted to make selections for vacant positions was a materially adverse action, as was Robinson's advertising for a position under King without consulting him.

To establish a prima-facie case of retaliation under Title VII, King must show: (i) that he engaged in protected activity under Title VII; (ii) that he suffered a materially adverse employment action contemporaneous with engaging in the protecting activity or after engaging in the protected activity; and (iii) that there is a causal connection between the protected activity and the adverse action.  See Chavez v. New Mexico, 397 F.3d 826, 838 (10th Cir. 2005).  The parties agree that King engaged in protected activity by submitting his complaint to the Department of the Interior, so the first prong is met.  As to the second prong, a materially adverse action is an action that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Robinson's placing King fifth on the list of inter-office succession was not actionable retaliation.  The action was not sufficiently severe that a reasonable worker would be dissuaded from engaging in protected activity.   See Kruger v. Principi, 420 F.Supp.2d 896, 917 (N.D.Ill. 2004)(being removed from order of succession was not adverse employment action).  King states that he was the third-highest ranking official at OFMC before his EEO complaint; he was placed fifth on the list.  King argues that Robinson's decision "affected [King]'s reputation among his subordinates."  Plaintiff's Response to Motion for Partial Summary Judgment and Supporting Memorandum of Law at 4, filed January 22, 2008 (Doc. 79)("Response").  King offers no evidence that this alleged slight on his reputation was significant, or that the difference between being placed fifth rather than third otherwise had any material effect on his employment. The Court sees no reason to conclude that a reasonable worker would be dissuaded by Robinson's action.

King concedes that Robinson's failure to respond to King's request that he explain his remarks relates to confidential information during the alternative dispute resolution process seeking to resolve King's complaints, and King does not object to the Court striking the allegation.  See id. at 4.  Accordingly, the Court will grant summary judgment on claims arising from those remarks.

Robinson's allegedly informing King that Robinson would keep open an engineering position for a friend of Robinson's, Chuck Thomas, was not a retaliatory action.  King's allegation is that the basis for Robinson's action was favoritism for a friend, not animus towards King.  Even if King's version of this event were undisputed, such behavior would be improper management, but would not be retaliation.

Robinson's making statements about King's EEO complaint in a supervisory review of King was also not a sufficiently adverse action to support a prima-facie case of retaliation.  King calls Robinson's action "immensely inappropriate."  Response at 5.  King's characterization has some merit, but he fails to point to any evidence that would show the commentary to be materially adverse.  Robinson stated at his deposition that he mentioned the EEO complaint because he wanted to recuse himself from further appraisal of King as an employee because of King's pending complaint, that he was not aware by whom the appraisal was seen, and that the position to which King wanted to transfer was filled by someone else because that person was the only applicant.  See Exhibit A to Motion, Deposition of Boyd Robinson at 82:22-84:14, taken August 14, 2007 (Doc. 71-2).

King argues that the comments undermined his credibility as an employee and that it would remain in his personnel file, where later supervisors would be able to see it and become aware that King had filed a complaint against Robinson.  See Response at 5-6.  If King presented evidence in his support of his allegations, he might create a genuine dispute whether the comments were a

materially adverse employment action.  King has not presented such evidence.  He has presented only speculation about who would see it and whether it remained part of his file.  The only evidence to which he points is a letter he wrote that states he believed the comments to be retaliatory.  See Exhibit M to Motion, Letter from John I. King to SWRO Director, dated October 12, 2004 (Doc. 71-14).  That self-serving evidence is insufficient.  King must point to some evidence that creates a genuine dispute about this issue.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The remaining allegations at issue all involve some variation on Robinson ignoring King's requests or circumventing him entirely with regards to personnel under King's authority.  Most of these events are not materially adverse employment actions.  Several of them are minor irritants – such as Robinson ignoring King's e-mails about filling a position.  Such actions do not rise to the level of adversity that Burlington Northern and Santa Fe Ry. Co. v. White requires.  King does not explain how these actions made any material impact on his employment.  They strike the Court as being more in the nature of the inconveniences and feuds of the workplace that Title VII is not designed to protect against.  See Trujillo v. University of Colorado Health Sciences Center, 157 F.3d 1211, 1214 (10th Cir. 1998)("'[F]ederal law does not guarantee a utopian workplace, or even a pleasant one.'")(citation omitted).  The Court does not believe that most of the actions would deter a rational employee from engaging in protected activity.

Two actions, however, stand out from the rest: Robinson informing King that he would no longer be able to select candidates for vacant positions, and Robinson advertising for a position under King without consulting him.  The Defendant contends that Robinson, as the Director of OFMC, had ultimate hiring authority.  King counters, based on his affidavit, that it was the informal practice of OFMC to follow supervisors' selections.  See Exhibit 1 to Response, Affidavit of John I. King ¶ 3, at 1-2, executed January 22, 2008 (Doc. 79-2).  If it was OFMC's informal practice to

allow supervisors to effectively make hiring decisions, then removing that ability could be a materially adverse employment action.  Reducing an employee's authority can be materially adverse.  See Ohal v. Board of Trustees of University of Dist. of Columbia, 100 Fed.Appx. 833, 834 (D.C. Cir. 2004)(reducing supervisory responsibilities was materially adverse employment action).   Cf. Wells v. Colorado Dept. of Transp., 325 F.3d 1205, 1214 (10th Cir. 2003)(holding that reprimand leading to temporary disrespect for supervisor was not a loss of authority that was severe or prolonged enough to constitute a "materially adverse reduction in job responsibilities[]").  When the reduction in authority is targeted at a supervisor's ability to select or influence who his subordinates are, that can have a serious effect on the supervisor's ability to properly conduct his duties.  While it is not clear exactly what is meant by being unable to select candidates, or the extent of the interference with King's authority that advertising for a position would constitute, the Court must draw all reasonable inferences in the non-moving party's favor.  It is a reasonable inference that King would not be able to exercise the authority he alleges he possessed because of OFMC's informal practices.  Because there is a genuine dispute about the actual hiring practices of OFMC, the issue cannot be properly resolved on summary judgment.

The Defendant also argues that there are legitimate reasons for all of the actions Robinson took.  The only legitimate reason that the Defendant seems to offer with regards to Robinson's actions are that Robinson was the hiring authority, and so his actions were appropriate.  See Motion at 17.  King's statement about OFMC's informal practices, however, could allow a jury to find that justification to be unworthy of belief.  Accordingly, summary judgment is not appropriate on these claims.

**IT IS ORDERED** that the Defendant's Motion for Partial Summary Judgment on Claims Against Robinson (¶¶ 30-41) and Supporting Memorandum of Law is granted in part and denied in

part.  The Court denies the motion with respect to the Plaintiff's claims of retaliation based on Boyd Robinson informing King that he would no longer be able to select candidates for vacant positions, and Robinson advertising for a position without consulting the Plaintiff.  The Court grants the motion with respect to all other claims in paragraphs 30 through 41 of the Amended Complaint.


_____
UNITED STATES DISTRICT JUDGE


*Counsel and parties*:

Jeffrey A. Dahl
Keleher & McLeod, P.A.
Albuquerque, New Mexico

       *Attorney for the Plaintiff*

Gregory J. Fouratt
  United States Attorney
Michael H. Hoses
  Assistant United States Attorney
John W. Zavitz
  Assistant United States Attorney
Dori Ellen Richards
  Special Assistant United States Attorney
Albuquerque, New Mexico

       *Attorneys for the Defendant*

Jack Rever

       *Defendant pro se*