IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN I. KING,

      Plaintiff,

vs.                                                      No. CIV 05-0575 JB/WDS
                                                            No. CIV 05-0997 JB/WDS

KENNETH L. SALAZAR, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's First Motion in Limine, filed March 3, 2009 (Doc. 136)("Motion"). The Court held a hearing on March 13, 2009. The primary issue is whether the Court should exclude any evidence of alleged events subsequent to May 21, 2002, as irrelevant to Plaintiff John I. King's hostile work-environment claim involving Laverne "Bill" Collier's conduct. Because the Court believes that these subsequent events would have a tendency to make the existence of a hostile-work environment more probable than it would be without the evidence, the Court will deny the motion, but will instruct the jury that it can only consider the evidence in determining whether a hostile work environment existed, and that it cannot award damages for any incidents after May 21, 2002.

## PROCEDURAL BACKGROUND

The Court has held that King's hostile work-environment claim regarding Collier's actions can go to the jury. See Memorandum Opinion and Order at 20, entered September 30, 2009 (Doc. 115); Memorandum Opinion and Order at 7, entered September 30, 2009 (Doc. 116). The

Defendant moves the Court to exclude evidence of events that occurred after May 21, 2002 that King might seek to introduce in support of his hostile work-environment claim.  Events after this date, the Defendant contends, are not events that have been presented to the Court in this case and should be excluded under rules 401 and 403 of the Federal Rules of Evidence.  See Motion at 1-2.  Relying on National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), King argues that hostile work-environment claims by their nature involve repeated conduct and that later conduct is part of the same hostile work environment, and therefore the jury should be allowed to consider post-May 21, 2002 evidence as part of the totality of the circumstances.  See Plaintiff's Response to Defendant[']s[] First Motion in Limine at 1-2, filed March 12, 2009 (Doc. 155).  At the hearing, Jeffrey A. Dahl, King's attorney, conceded that the later events, however, could not be used for calculating damages.  See Transcript of Hearing at 12:17-19 (taken March 13, 2009)(Court & Dahl)("Tr.").[1]

## ANALYSIS

National Railroad Passenger Corp. v. Morgan does not squarely address the issue before the Court, but its description of how hostile-work environment claims should be understood indicates that the Court should liberally admit evidence relating to the alleged hostile work environment.  With the Supreme Court of the United States' guidance in mind, evidence of events occurring after May 21, 2002 would be relevant and not otherwise inadmissible under rule 403.  The Court will therefore allow King to introduce post-May 21, 2002 evidence relating to his hostile work-environment claim.

Under Title VII, plaintiffs alleging employment discrimination must file administrative

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

charges within a proscribed time period of the alleged discriminatory event's occurrence. In National Railroad Passenger Corp. v. Morgan, the Supreme Court decided when events falling outside that limitations period could be considered. Rejecting the continuing-violation doctrine, the Supreme Court held that charges alleging discrete acts of discrimination or retaliation must be filed within the statutory period even if related to other discrete acts, but also recognized that hostile work-environment claims were ongoing in nature and could include conduct from outside the period. See 536 U.S. at 114, 120.

Notably, the Supreme Court stated that, even when discrete acts are untimely, Title VII does not "bar an employee from using the prior acts as background evidence in support of a timely claim." National Railroad Passenger Corp. v. Morgan, 536 U.S. at 113. As to hostile work-environment claims, the Supreme Court noted that "[t]heir very nature involves repeated conduct." Id. at 115. Because of this reality, acts from outside the limitations period can contribute to the hostile work environment and be considered "for the purposes of determining liability." Id. at 117.

It would be odd to conclude that evidence concerning later events could not be presented to the jury when even evidence about a time-barred discrete act can be used as background evidence for a discrimination or retaliation claim. Although King concedes that the Defendant cannot be liable for the post-May 21, 2002 events, apparently because the claims involving those events were dismissed during the administrative proceedings for non-limitations period reasons, see Tr. at 7:10-20 (Zavitz), there is a difference between actionable events and admissible evidence. A time-barred discrete act is not actionable and cannot be a basis for liability, but it can nonetheless be evidence. Given the nature of a hostile work environment, the Court should be at least as generous, and probably more so, in admitting evidence in support of such a claim as it would be in admitting evidence in support of discrete acts claims. While the Defendant argued at the hearing that none of

the later events involved race, see id. at 14:13-24, severity and pervasiveness are also components of a hostile work-environment that King must prove, and events that are not apparently racially motivated in and of themselves can be found to be racially motivated based on other events. Because King has conceded that he cannot use the post-May 21, 2002 events for damages purposes, the Court sees no sound reason that these later events would not be relevant to the hostile work-environment claim.

At the hearing, the Defendant's counsel, John W. Zavitz, expressed more concern with prejudice and unfair surprise at having to defend against these events than he did with the relevance or general appropriateness of the events. On this point, the distinction between evidence and actionable occurrences becomes particularly important. Even though the Defendant never had the opportunity to file motions on these later events, believing them to be out of the case, the Defendant would not have been able to accomplish much with those hypothetical motions seeing as King wants to use the events only as evidence. Additionally, while never pled, these events were raised at the administrative level and apparently King discussed them during his deposition. See id. at 13:15-17 (Dahl). The Defendant is thus not being completely blind-sided by the introduction of these events. Moreover, given the nature of hostile work-environment claims, the Defendant should not be surprised at the breadth of the evidence that King seeks to present to a jury. There may be some prejudice to the Defendant in allowing in evidence about what happened after May 21, 2002, but the Court cannot say that the prejudice is strong enough to warrant the exclusion of the evidence that King plans to offer to the jury.

**IT IS ORDERED** that the Defendant's First Motion in Limine is denied. The Court will, however, instruct the jury that it cannot award damages on the hostile work-environment claim for any events occurring after May 21, 2002.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Jeffrey A. Dahl
Keleher & McLeod, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Gregory J. Fouratt
  United States Attorney
John W. Zavitz
Michael H. Hoses
  Assistant United States Attorneys
Dori Ellen Richards
  Special Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Defendant*