IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN I. KING,

    Plaintiff,

vs.   No. CIV 05-0575 JB/WDS
      No. CIV 05-0997 JB/WDS

KENNETH L. SALAZAR, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Third Motion in Limine, filed March 3, 2009 (Doc. 138)("Motion"). The Court held a hearing on March 13, 2009. The primary issue is whether the Court should exclude any testimony concerning allegations that Laverne "Bill" Collier had alcohol on his breath, drank, or was intoxicated while on duty. Because the Court concludes that whether Collier was intoxicated while on duty is relevant to a claim of hostile work environment, the Court will allow Plaintiff John I. King to present evidence of such situations involving King. Because situations not involving King, however, would likely be relevant only for establishing that on other occasions Collier acted in conformity with a propensity to drink on the job, the Court will exclude evidence of such situations at the present time.

## PROCEDURAL BACKGROUND

The Defendant moves the Court to exclude any testimony concerning allegations that Collier was drinking or intoxicated while on duty. The Defendant contends that such evidence would be irrelevant, prejudicial, and "merely an attempt to inflame the jury" with character evidence

inadmissible under rule 404 of the Federal Rules of Evidence.  Motion at 2.  According to the Defendant, the closest King comes to tying such evidence to his claims is being embarrassed at a meeting because of Collier's intoxication, which the Defendant contends does not show a hostile work environment.  See id.

King counters that hostile work-environment claims must be viewed under a totality-of-the-circumstances test.  See Plaintiff's Response to Defendant[']s[] Third Motion in Limine ¶ 1, at 1, filed March 12, 2009 (Doc. 151)("Response")(citing Harsco Corp. v. Renner, 475 F.3d 1257, 1262 (10th Cir. 2007), and Penry v. Federal Home Loan Bank of Topeka, 155 F.3d 1257, 1262 (10th Cir. 1998)).  King maintains that whether Collier was intoxicated or used alcohol while on duty, and whether it was humiliating to King, are relevant and appropriate facts to be considered in the totality of the circumstances.  See id. ¶¶ 2-3, at 2.  At the hearing, King's attorney, Jeffrey A. Dahl, also pointed the Court to another United States Court of Appeals for the Tenth Circuit case, EEOC v. PVNF, LLC, 487 F.3d 790 (10th Cir. 2007), as supporting the breadth of circumstances that can be considered in a hostile work-environment claim.  See Transcript of Hearing at 32:17-33:2 (taken March 13, 2009)(Dahl).[1]

## ANALYSIS

Tenth Circuit case law establishes that "the totality of the circumstances test . . . is the touchstone of . . . hostile work environment claims."  EEOC v. PVNF, LLC, 487 F.3d at 799 (internal quotation marks omitted).  Given the broad range of factors that could come into play in determining the existence of a hostile work-environment, evidence indicating that Collier might have been intoxicated while on duty is relevant.  Some of the evidence King intends on offering,

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

however, seems to be evidence that Collier was intoxicated on occasions not involving King. Such evidence would likely be inadmissible character evidence and the Court will accordingly restrict whether and under what circumstances the evidence can be introduced at trial.

To prove a claim of hostile work environment, a plaintiff must demonstrate that the objectionable conduct is "'severe or pervasive enough to create an objectively hostile or abusive work environment.'" Harsco Corp. v. Renner, 475 F.3d at 1187 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998)). This test "eschews a mechanical approach to analyzing the evidence in favor of a 'totality of the circumstances' test." Harsco Corp. v. Renner, 475 F.3d at 1186. While the Defendant contends that evidence regarding Collier drinking, and specifically King's embarrassment or humiliation at Collier's behavior, is not conduct directed at King that would help prove the existence of a hostile work environment, "[e]vidence of a general work atmosphere . . . as well as evidence of specific hostility directed toward the plaintiff -- is an important factor in evaluating the claim." Penry v. Federal Home Loan Bank of Topeka, 155 F.3d at 1262 (internal quotation marks omitted). If Collier was drinking on the job, the Court believes that would have some relevance towards establishing the severity or pervasiveness needed to show a hostile work environment. Evidence of such behavior might cause some undue prejudice, but our system of justice favors allowing juries to consider relevant evidence, and the probative value of the evidence is not "<u>substantially</u> outweighed by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added).

The Court is more concerned, however, that some of the evidence King proposes to introduce is evidence of a character trait that will be offered "for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). It is not clear exactly what evidence King might offer, but from the Defendant's description, <u>see</u> Motion at 1, it seems that some of the

evidence might involve Collier supposedly drinking or being drunk when King was not around. The relevance of such evidence seems to turn on its usefulness for showing that, because Collier was drinking on certain occasions, he was also drinking on other occasions. That usage would run afoul of rule 404. While the Court can see the relevance and appropriateness of evidence showing that Collier was drinking or intoxicated during events involving King, using evidence of drinking at other times not involving King would be to use the evidence for an improper purpose. At this time, the Court will not allow such evidence.

Certain uses of such evidence, however, may be appropriate. For example, if Collier denies drinking at work, then the Court could see admitting rebuttal evidence of Collier drinking at times when King was not around as being proper for impeachment purposes. The Court would not view that issue collateral. The Defendant would be entitled to a limiting instruction, however, that the jury cannot use the evidence to prove that, because Collier drank on certain occasions, he must have drank on the one occasion involving King.

King may also be able to articulate a permissible, non-propensity purpose under rule 404(b). As events play out at a trial, if King believes he has an appropriate use for evidence of Collier drinking at work, he may approach the bench, and the Court will rule at that time whether to admit the evidence. In the meantime, however, evidence of Collier drinking or being intoxicated on occasions that do not involve King will be excluded.

**IT IS ORDERED** that the Defendant's Third Motion in Limine is granted in part and denied in part. Plaintiff John I. King will be permitted to offer evidence about Laverne Collier drinking or being intoxicated on duty while around King, but will not, at this time, be allowed to offer evidence about Collier drinking when King was not present. During trial, King may approach the bench if he believes he has a permissible use for such evidence.

-4-

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jeffrey A. Dahl
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gregory J. Fouratt
  United States Attorney
John W. Zavitz
Michael H. Hoses
  Assistant United States Attorneys
Dori Ellen Richards
  Special Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Defendant*