IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN I. KING,

    Plaintiff,

vs.                                                                        No. CIV 05-0575 JB/WDS
                                                                         No. CIV 05-0997 JB/WDS

KENNETH L. SALAZAR, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Fifth Motion in Limine, filed March 3, 2003 (Doc. 140); and (ii) the Defendant's Fifth Motion in Limine (Corrected), filed March 3, 2009 (Doc. 141)("Motion").[1] The Court held a hearing on March 13, 2009. The primary issue is whether the Court should exclude any testimony from eight witnesses that Plaintiff John I. King identified in the Pretrial Report who were not previously disclosed under rule 26(a)(1)(A) and (e) of the Federal Rules of Civil Procedure. Because King does not oppose excluding six of the witnesses -- Kathy Daum, Joe Bitsie, Debbie Clark, Janice Routzan, Sherry Yazzie, and Bob Baca -- the Court will grant the motion with respect to those witnesses. Because the Defendant has withdrawn his objection regarding Len Chester, the Court will deny the motion with respect to him. Finally, in light of the Court's opinion on what evidence of Laverne Collier allegedly drinking on the job will be admissible, the Court will grant the motion with respect to Dean Martinez.

---

[1] The corrected motion in limine makes only a technical change to an incorrect citation and does not make any substantive changes. Because there is essentially only one motion, the Court will refer only to the corrected motion.

**PROCEDURAL BACKGROUND**

The Defendant moves to exclude from trial the testimony of eight witnesses: Len Chester, Dean Martinez, Kathy Daum, Joe Bitsie, Debbie Clark, Janice Routzan, Sherry Yazzie, and Bob Baca. The Defendant contends that, because King has not disclosed these witnesses until the Pretrial Report, exclusion of the witnesses' testimony is mandatory and automatic. See Motion at 2. The Defendant acknowledges that King is allowed to show that the alleged violation is "justified and harmless," but contends that the failure to disclose, coming so close to the eve of trial, cannot be cured. Id. Additionally, the Defendant argues that the testimony of these eight witnesses would be cumulative and that King cannot establish a justifiable reason for failing to timely disclose them. See id. at 2-3.

In response, King states that Chester and Martinez were disclosed to the Defendant in interrogatories, but that he does not intend to call any of the other witnesses identified in the motion in limine. See Plaintiff's Response to Defendant[']s[] Fifth Motion in Limine ¶¶ 1-8, at 1-2, filed March 12, 2009 (Doc. 154)("Response"). At the hearing, King clarified that he opposed the motion only with respect to Chester and Martinez. See Transcript of Hearing at 37:1-3 (taken March 13, 2009)("Tr.")(Dahl).[2] Dori E. Richards, the Defendant's counsel, stated that she would withdraw her objection to Chester's testimony if the testimony was limited to Chester's observations of Collier's attitude towards Navajos. See id. at 42:19-24 (Court), 46:2-17 (Court, Richards & Dahl).

Jeffrey A. Dahl, King's attorney, told the Court that he believed Martinez would testify to finding empty alcohol bottles in Collier's office while cleaning the office. See id. at 49:8-14 (Court

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

& Dahl). Ms. Richards stated that, based on employment records, she did not believe that Martinez was employed with the Bureau of Indian Affairs until after Collier had retired and therefore could not have found bottles in Collier's office. See id. at 50:2-9 (Richards). The Court informed the parties that its ruling would likely turn on how it handled the other allegations about Collier drinking while on duty. See id. at 51:5-20 (Court).

## ANALYSIS

Many of the issues on this motion are no longer disputed. King does not oppose the motion with respect to Daum, Bitsie, Clark, Routzan, Yazzie, and Baca, whom he does not plan to call at trial. See Response ¶¶ 2-3, 5-8, at 1-2; Tr. at 37:1-3 (Dahl). The Court will grant the motion with respect to those six witnesses and exclude their testimony from trial. At the hearing, the parties also came to terms about Chester's testimony, and the Defendant agreed to withdraw his objection, provided that Chester's testimony would be limited to testifying about his observations of Collier's attitude towards Navajos. See Tr. at 42:19-24 (Court), 46:2-17 (Court, Richards & Dahl). The Court will deny the motion with respect to Chester, subject to the limitations on Chester's testimony as described.

Only the admissibility of Martinez' testimony is in dispute. While the Court would strongly prefer that parties formally amend their rule 26 disclosures as they learn of new witnesses, because Martinez' name came up in an interrogatory, the Court believes that the Defendant has been apprised of his existence in a timely manner and has been put on notice that Martinez might have relevant evidence. While there is a dispute about whether Martinez was working during a time period in which he could have observed bottles in Collier's office, the Court cannot resolve that dispute pre-trial. Both sides have represented to the Court that they have support for their respective positions regarding when Martinez was employed and cleaned out Collier's office. The Court will therefore

-3-

not exclude Martinez' testimony on the grounds that he was not disclosed or lacks personal knowledge. Martinez' proposed testimony, however, is limited to finding empty bottles in Collier's office, which would be evidence of Collier drinking on the job during times that did not involve King. For the reasons the Court stated in its earlier opinion, the testimony is thus inadmissible for the present time, but may be admissible as rebuttal evidence or for other purposes, as described in the Court's opinion. See Memorandum Opinion and Order at 3-4, entered March 16, 2009 (Doc. 159).

**IT IS ORDERED** that the Defendant's Fifth Motion in Limine and the Defendant's Fifth Motion in Limine (Corrected) are granted in part and denied in part. The Court will exclude the testimony of Kathy Daum, Joe Bitsie, Debbie Clark, Janice Routzan, Sherry Yazzie, and Bob Baca. The Court will also, for the present time, exclude the testimony of Dean Martinez. The Court will not exclude the testimony of Len Chester.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jeffrey A. Dahl
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gregory J. Fouratt
  United States Attorney
John W. Zavitz
Michael H. Hoses
  Assistant United States Attorneys
Dori Ellen Richards
  Special Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Defendant*